Filed 8/26/21  P. v. Jones CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER JONES,<br><br>    Defendant and Appellant. | D078766<br><br><br>(Super. Ct. No. ECR11253) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Christopher Jones, in pro. per.; and Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1995, a jury convicted Christopher Jones of second degree murder (Pen. Code,[1] § 187, subd. (a)) and found he personally and intentionally discharged a firearm (§ 12022.5, subd. (a)).

---

1    All further statutory references are to the Penal Code.

Jones filed a petition for habeas corpus in the United States District Court. The court granted the petition on the grounds of ineffective assistance of counsel. The court ordered Jones discharged unless retried in a timely manner. If not retried, the court ordered his conviction be reduced to manslaughter. Thereafter, the parties stipulated to a reduction of the offense to voluntary manslaughter with credit for time served. Jones was released and not required to serve any time on parole.

Jones filed a timely notice of appeal from the judgment entered on the stipulation.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*.[2] We offered Jones the opportunity to file his own brief on appeal. He has responded by filing a supplemental brief, which we will discuss later in this opinion.

## DISCUSSION[3]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Did the trial

---

[2] Counsel devotes the vast bulk of her brief to arguments that we should conduct a *Wende* review on this appeal. Since we are conducting a *Wende* review, we decline to discuss the various arguments for and against such review.

[3] The facts of the underlying offense are not relevant to any potential issues on this appeal. Accordingly, we will omit the traditional statement of facts.

court err by sentencing Jones to manslaughter despite Jones's history of mental illness and background of low intellect and poverty?

In his supplemental brief, Jones argues his sentence to a term for voluntary manslaughter by stipulation as a lesser offense of murder denied him due process. He argues he was not charged with manslaughter and did not have a jury trial on that offense. On the record before us, the claims Jones makes in his supplemental brief do not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Jones on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

3